FRANCIS DEH. JANVIER, Executor of GEORGE A. MILLINGTON, deceased, *vs.* THOMAS O. CULBRETH.

*Issue to be Tried by Jury,— Whether Anythingis Due From Defendant to Plainliff in Certain Judgment in Superior Court—*
*Presumption of Payment—Less Than Twenty Years*
*—Burden on Defendant to Show Payment—*
*What Admissible to Show it—*
*Evidence.*

1. In the trial of an issue to determine whether anything is due from the defendant to the plaintiff in a judgment in the Superior Court, which has been due for about eighteen years, upon which there are no credits, and where the defense is payment; a witness for the defendant will be permitted to detail a conversation had with the plaintiff at a certain time long after the debt became due, in which the plaintiff said he did not know for what the bond was given upon which the judgment in question was entered.

2. It is immaterial that the party to whose use a part of the judgment was marked had no knowledge that it would be so marked till after it was done.

3. In the trial of such issue it is not competent to show that the defendant in the judgment was prompt in the payment of his debts.

4. As tending to show that the defendant had in possession property from which the plaintiff might have collected his debt, the assessment records of the county may be admitted in evidence.

5. A witness for the defendant will not be permitted to testify that the plaintiff owed him money, to show the financial condition of the plaintiff.

6. A witness may be permitted to testify respecting applications made to him by the plaintiff for loans of money, which plaintiff said would save his property from being sold.

7. It is competent for the defendant to show that the plaintiff was a close collector of indebtedness due to him, where there has been a long lapse of time since the debt became due, and such lapse of time is relied upon to show payment.

8. The defendant cannot introduce testimony respecting the reputation of the plaintiff for honesty and fair dealing.

9. A judgment standing upon the records of the Superior Court unsatisfied, and twenty years not having elapsed since it became due, is presumed to be a subsisting and valid judgment; and there is no presumption that it has been paid, in the absence of other facts and circumstances from which the jury might infer that it is paid. In such case the burden is upon the defendant to show that the judgment is paid.

10. Although the presumption of payment from lapse of time does not arise where twenty years have not elapsed, and the burden is upon the defendant to show that the debt has been paid, yet when a long time has elapsed, for example seventeen or eighteen years since the judgment debt became due, the jury have a right to consider any and all relevant facts and circumstances shown by the evidence which went to show that such judgment has been paid. To that end they may consider any evidence introduced in respect to the financial condition of each or either of the parties to the judgment ; and also the habits of the plaintiff as to promptness in the collection of indebtedness as to him. But such facts and circumstances are to be considered only so far as they may tend to show that the ˙judgment in question was paid, or from which such payment may be reasonably inferred.

(*November 2, 1905.*)

LORE, C. J. and GRUBB and PENNEWILL, J. J., sitting.

*Rosewell Hammond, Richard R. Kenney* and *Arlie B. Magee* for plaintiff.

*Alexander M. Daly* and *John D. Hutton* for defendant.

Superior Court, Kent County, October Term, 1905.

Upon a petition for a RULE TO SHOW CAUSE WHY A JUDGMENT (of Thomas O. Culbreth vs. George A. Millington, deceased, for $500, with interest from November 11th, 1887, being No. 304 to October Term, 1904; said judgment being entered April 29, 1905 upon a certain bond dated November 11, 1887 with warrant of attorney, given by said Millington to said Culbreth) SHOULD NOT BE OPENED AND THE PETITIONER BE LET INTO TRIAL, the Court framed the following issue: " Whether any and what sum of money is due from the defendant to the plaintiffs in the above stated judgment."

The petition, among other things, set forth " that all money, principal or interest, due on said bond on which the above named judgment was entered or confessed was fully paid by the said George A. Millington in his lifetime to the said Thomas O. Culbreth, the obligee named in said bond, and that at the time of the death of the said George A. Millington and at the time of the entry or confession of judgment on the aforesaid bond there was no sum of money, either as principal or interest, due on said bond."

Said issue coming on to be heard, at the October Term, 1905, it was shown by much oral and documentary evidence that from the date of said bond until the death of George A. Millington, which occurred on December 18, 1904, said Millington owned personal property and real estate variously estimated in value at from four thousand to twenty thousand dollars.   It was also shown in like manner that the defendant Culbreth during much or all of the same period was hard pressed for money and that in the year 1898 his real and personal property was sold by the sheriff under execution process, but that notwithstanding his stringent financial condition he had collected no part of the principal or interest due upon said bond.

Other facts appear in the charge of the Court.

*Francis DeHaas Janvier,* the executor, of George A. Millington, testified that the defendant Culbreth came to his office in Wilmington the latter part of January, 1905, and, after inquiring

whether Mr. Janvier was the executor of the estate of Mr. Millington and being informed that he was, asked how the estate was going to turn out. The witness then continued: As I did not think Mr. Millington's private affairs was a matter of public interest, unless the person had some private interest, I asked him why he asked me, and he said a friend of his had a claim on a bond against Mr. Millington for $500. I told him that I was the executor and told him to tell his friend, whoever he was, who had the bond, to file a copy of the bond with the proper legal probate with me and that it would be taken up in the due order of the estate; that I had not been able to get very far with it at that time, and I asked him who held the bond, and what was the consideration for the bond, or for what was it given, and Mr. Culbreth declined to inform me as to either of those matters, but told me that the bond was signed by Mr. Millington all right. I told him that was a rather curious way to present a bond to an executor of an estate, and that before I could do anything with it I must know the party and something more about it, and suggested that he probate the matter. I think the next question he asked me was whether a bond would not rank ahead of ordinary debts in the settlement of an estate, and I told him if the bond was valid and still owing that it would rank in payment ahead of ordinary debts. He asked me if he ought to enter it up as a judgment, and I told him it was not necessary to do that at present, that what I desired him to do was to probate the bond with me and give me some further information about it. I told him I could not do anything further in the case until that information was given me; that it was rather a curious method of presenting it, that I wanted to know who the party was. And he said probably he had better consult his attorney about it. I told him that would be best probably. And just then I went out to answer a telephone call, and while I was absent Mr. Culbreth left, and I had no further conversation with Mr. Culbreth about the matter.

Q. Did you in any wise recognize the validity or the correctness of the claim, when talking to him about the matter, as an

indebtedness against the estate of George A. Millington ?   A. No, sir ; I was rather antagonistic when Mr. Culbreth did not tell me the name of the person or what the consideration was for or the reason the bond was given.   I considered as executor that I was entitled to have that information furnished me, and when he refused to tell me that I was rather suspicious about the bond and wanted further information about it.

(During the course of the trial the following questions, asked plaintiff's witnesses by his counsel, were objected to and ruled upon):

The witness *Darwin S. Collins*, after stating that he had heard a conversation of Thomas O. Culbreth, in the office of Kenney and Magee, on the evening of October 18, 1905, was asked the following question : Q. Will you please state to the jury just the conversation that you heard at that time—what you heard Mr. Culbreth say in relation to this bond?

A.   The conversation was relative to a bond, about which I knew nothing of course, but he said that there was a bond given him by Mr. Millington, and that he knew not what it was for, or knew not for what the bond was given.

*Hutton, for defendant* :—We object, and move to strike out the question and answer as irrelevant, inasmuch as the same relate to the consideration of the bond, the only issue being as to what is due ; that the plaintiff has not asked the defendant by the pleadings in the case to go into consideration, but has admitted the execution of the bond and has simply come in by his petition has said that the bond has been paid, and the Court has held that he cannot go back of the allegations set out in his petition.

PENNEWILL, J. :—We think that this testimony now offered is not for the purpose of attacking the validity of the consideration of the bond, but is merely a circumstance, for what it is worth, offered for the purpose of showing payment.   Whether it does or not, is a question for the jury.

*George M. Jones,* after having testified that as attorney for the Peoples Building and Loan Association of Dover he was familiar with the affairs of said association and also with the judgment in question, was asked the following question : Q. That judgment as it stands shows that the three-fifths part of it is marked to the use of the Peoples Building and Loan Association. Did they or did they not have any knowledge whatever of that use being marked to them before it was done ?

*Hutton, for defendant* :—We object to that question as irrelevant ; it has nothing to do with the question of payment.

PENNEWILL, J. :—The record that has been admitted in evidence shows the fact that the transfer was made, and we do not think it is material whether the association had knowledge of the actual transfer or not.

*Stephen Slaughter,* having testified that he had known George A. Millington for twenty or twenty-three years and had had considerable dealings with him and knew that he owned enough personal property and real estate to have paid a debt of one thousand dollars at any time, was asked the following question : Q. Was Mr. Millington prompt in the payment of his debts ?
(The above question was objected to by counsel for defendant as irrelevant.)

PENNEWILL, J. :—We think that is going a little too far. We overrule that question.

*James V. McCommons,* Clerk of the Peace for Kent County, produced the assessment records of said county for the year 1888, and was asked the following question : Q. What do you find upon that assessment against George A. Millington ?
(Said question was objected to by Mr. Hutton as not the best evidence.)

*Magee, for plaintiff:*—This is notice to this defendant that Mr. Millington had property out of which this money could have been collected all these years. It is offered for that purpose, not as evidence to prove ownership.

PENNEWILL, J.:—We overrule the objection and admit the evidence.

*Samuel L. Shaw,* having testified that while he was Sheriff of Kent County in 1898 he sold, under execution process, the personal property and real estate of the defendant, was asked the following question ? Q. Did Thomas O. Culbreth ever owe you any money ?

(This was objected to by counsel for defendant as irrelevant.)

PENNEWILL, J.:—We think that is not admissible.

*Joshua M. Twilley,* being produced on behalf of the defendant, was asked by Mr. Magee whether during the last eight or nine years Thomas O. Culbreth made any statement to him as to his financial condition? (This was objected to by counsel for defendant).

PENNEWILL, J.:—We think that is admissible.

A. He met me on the street one day and asked me to loan him either twenty-five or thirty-five dollars, I don't know which, and said he wanted that amount to make up a certain amount of money, and that if he could raise the same it would ease him or help him to save his property from being sold, or something of that kind ; I don't remember exactly.

*Millard M. Hinckel,* another witness for defendant, testified that he knew Thomas O. Culbreth for about fifteen years. Mr. Magee then asked the witness the following question : Q. Is or is not, or was or was not Thomas O. Culbreth a close collector of indebtedness due to him ?

(Objected to by counsel for defendant as irrelevant.)

*Magee, for plaintiff* : — We insist upon this question. It has been held that evidence that the creditor is in the habit of collecting promptly all indebtedness due to him is admissible to support a claim of payment, together with a lapse of time.

*Leiper vs. Erwin, 5 Yerger (Tenn.), 97 ; Huskey's Admr. vs. Maples and Sapp, 2 Caldwell (Tenn.), 25.*

(After further argument by the respective counsel and the citation of authorities in opposition to the question, the Court rendered the following decision) :

PENNEWILL, J. :—The Court think that while it may not be competent ordinarily to prove the habits of the creditor for promptly collecting his bills in order to show payment, yet we think that where there has been a long lapse of time, as in this case, and such lapse of time is relied upon to show payment, that such habits may be proven, not for the purpose of establishing insolvency but as tending to show payment, and it may be considered by the jury for that purpose for whatever in their judgment it is worth.

*Leiper vs. Irwin, 5 Yerger (Tenn.,) 97 ; Huskey's Admr. vs. Maples and Sapp, 2 Caldwell (Tenn.), 25.*

A.   As far as I know, he always has been,—there at the store in my dealings with him.

*John F. Saulsbury*, another witness called on behalf of the plaintiff, was asked by Mr. Magee the following question :   Q. Do you know the reputation of Thomas O. Culbreth in this community for honesty and fair dealing ?

(Objected to by counsel for defendant as highly improper and inadmissible.)

PENNEWILL, J. :—We think that question is entirely inadmissible in this case.

(Both oral and documentary evidence were offered on the part of the defendant in rebuttal to the above evidence of the plaintiff,

tending to show that the defendant in the judgment, George A. Millington, was not in a prosperous financial condition during a part of the period between the time the bond was given by him and his death.)

## PLAINTIFF'S PRAYERS.

*First.* That the lapse of time though less than twenty years may be considered as evidence of payment and may, together with other circumstantial evidence of payment, such as ability of the alleged debtor to pay and the stringent financial condition of the alleged creditor, be sufficient to warrant the finding of a verdict that the indebtedness has been paid.

*Second.* That the Court charge the jury that where the question of payment relates to a remote period rendering it difficult to apply other than circumstantial evidence of such payment, the evidence of the possession of the debtor of means whereby he could have paid the debt or of his want of means rendering it impossible for him to do so is to be considered by the jury with other circumstances tending to show payment.

*Third.* That the Court charge the jury that where the creditor is in the habit of collecting promptly all indebtedness due to him it is a circumstance which goes to support a claim of payment ogether with a lapse of time.

*Fourth.* That if the jury believe that from the lapse of time though less than twenty years, together with the circumstantial evidence of payment such as the ability of the alleged debtor to pay and the stringent financial condition of the alleged creditor, together with other circumstances, the presumption of payment has arisen, then the burden of proof is upon the creditor to show that the debt has not been paid.

*Fifth.* That where a creditor holds an obligation a long space of time, though less than twenty years, and does not make demand

for payment until after the death of the debtor, that the jury should be cautious in finding a verdict for the creditor.

## DEFENDANT'S PRAYER.

The defendant asked the Court to charge the jury that the burden of proof is upon the defendant in the judgment to show that the judgment has been paid.

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—This is an action practically between Thomas O. Culbreth, the plaintiff in the judgment in question, and the estate of George A. Millington, the said Millington being the defendant in said judgment. The said plaintiff recovered a judgment against George A. Millington in the Superior Court of this county for the real debt of $500, with interest thereon from November 11, 1887. This judgment has, since its recovery, been marked by Culbreth to the use of different persons, the three-fifths part to the use of the Peoples Building and Loan Association of Dover ; the one fifth part to the use of Mary Culbreth, and the remaining one fifth part to the use of John H. Rodney. Such transfers were all made at the risk and request of the said transferees, respectively.

There are no credits of either interest or principal admitted by the plaintiff on said judgment, and he therefore claims that the same is all due and payable including both principal and interest.

The defendant in this case, the estate of George A. Millington, claims that the judgment which constitutes the cause of action in this case is fully paid, and that therefore nothing is due and payable thereon either of principal or interest.

Upon the petition and affidavit of Francis DeH. Janvier, executor of the last will and testament of George A. Millington, deceased, filed in this Court, and rule issued thereon against the parties in interest, the Court framed an issue to be tried by a jury

of this county at the bar of this Court, which is to inquire and determine "whether any and what sum of money is due from the defendant to the plaintiff in the above stated judgment."

So, gentlemen, the single and only question that you are to decide in this case is whether anything is due from the defendant to the plaintiffs on said judgment, and if anything is due, how much is due.

We say to you that the judgment in question standing upon the records of the Court unsatisfied, and twenty years not having elapsed since it became due, is presumed to be a subsisting and valid judgment, and there is no presumption that it has been paid, in the absence of other facts and circumstances from which the jury might infer that it is paid. The burden, therefore, is upon the defendant, the estate of George A. Millington, to satisfy you that the said judgment is paid. Unless you are satisfied from the evidence which you have heard in this case that the debt has been paid your verdict should be in favor of the plaintiff, because in that event the judgment would stand.

Under the law a judgment is presumed to be paid after the lapse of twenty years from the time the debt became due, and in that case the burden is upon the plaintiff to show that it is not paid. But where twenty years have not elapsed such presumption does not arise from the lapse of time, and the burden is upon the defendant to show that it is paid. We say to you, however, that where a long period of time, for example seventeen or eighteen years, has passed since the judgment debt became due, you have a right to consider any and all relevant facts and circumstances shown by the evidence which tend to show that such judgment has been paid. You may take into consideration, therefore, in arriving at your verdict, evidence in respect to the financial condition of each or either of the parties to the judgment, both plaintiff and defendant; and also the habits of the plaintiff as to promptness in the collecting of indebtedness due to him. But we instruct you that such facts and circumstances are to be considered by you only so far as they may tend

to satisfy you that the judgment in question was paid, or from which such payment may be reasonably inferred.

If you are satisfied from the preponderance of the evidence in this case that the judgment in question is paid, your verdict should be that nothing is due from the defendant to the plaintiffs in the said judgment. But on the other hand if you are not satisfied by a preponderance of the evidence that said judgment is paid, your verdict should state what sum of money is due on said judgment.

Verdict : We find nothing due and owing from the defendant to the plaintiffs in the above stated judgment.